SUMMARY ORDER

Petitioners Agim, Fljorije, and Benjamin Balidemaj, all natives and citizens of the former Serbia and Montenegro,[2] seek review of the October 20, 2008 order of the BIA affirming the December 13, 2005 decision of Immigration Judge (“IJ”) Adam Opaciueh denying their application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”).[3] In re Agim Balidemaj et al., Nos. A077 567 992/993/994 (B.I.A. Oct. 20, 2008), aff'g Nos. A077 567 992/993/994 (Immig. Ct. N.Y. City Dec. 13, 2005). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
As an initial matter, because Petitioners failed to challenge the IJ’s denial of their CAT claim in their brief to the BIA, we lack jurisdiction to consider the arguments they raise in this Court in the first instance. See 8 U.S.C. § 1252(d)(1); Karaj v. Gonzales, 462 F.3d 113, 119 (2d Cir.2006) (citing Beharry v. Ashcroft, 329 F.3d 51, 59 (2d Cir.2003)) (on appeal to the BIA, the applicant must raise each category of relief subsequently raised in this Court). We dismiss the petition to that extent.
When the BIA issues an opinion that fully adopts the IJ’s decision, we review the IJ’s decision. See Mei Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 523 (2d Cir.2007). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). Questions of law and the application of law to undisputed fact are reviewed de novo. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Where an applicant establishes that he has suffered past persecution, he is entitled to a presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1). However, applicable regulations require IJs to exercise the Attorney General’s discretion to deny asylum to applicants who establish eligibility based solely on past persecution when the government establishes a fundamental change in circumstances sufficient to rebut the presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(l)(i). It is the Government’s burden to rebut this presumption. See 8 C.F.R. § 1208.13(b)(l)(ii). Here, the IJ found that, although Agim Balidemaj endured past persecution, conditions in his country had changed such that he no longer had a well-founded fear of future persecution.
Petitioners argue that the IJ erred by failing to shift the burden to the Government as required under 8 C.F.R. § 1208.13(b)(l)(ii). We agree. The record reveals that, having found that Balidemaj endured past persecution, the IJ erred by requiring that he affirmatively prove that *708 he had a well-founded fear of future persecution. Indeed, the IJ stated that Petitioners “ha[d] not submitted any evidence that ... established that [t]he[y] ha[d] a well-founded fear of future persecution.”
Nonetheless, remand is not warranted because we can confidently predict that, absent this error, the IJ would have reached the same conclusion. See Niang v. Mulcasey, 511 F.3d 138, 149-50 (2d Cir.2007); Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 335 (2d Cir.2006). After considering the evidence Petitioners submitted, the IJ determined that changed country conditions rebutted any presumption of a well-founded fear because the evidence showed that: (1) the government in Serbia and Montenegro “generally respected the human rights of its citizens,” and there were no reports of politically motivated violence; (2) there were only “a few reports [of] police inattention to the security of the ethnic Albanian population” in South Serbia, and that, in Kosovo, the only reports of ethnically-motivated violence concerned the treatment of ethnic Serbs; (3) although certain reports documented the use of torture in Serbia and Montenegro, there was no evidence that these incidents involved ethnic Albanians; and (4) although Balidemaj’s expert witness’s report indicated that violence against ethnic Albanians was on the rise in Serbian jails, this assessment was based on information from 2001, and the expert’s allegation of possible retribution against Petitioners by Kosovar extremist groups was not credible.
We are not compelled to conclude, as Petitioners argue, that the IJ failed to consider other probative evidence in the record. While we have held that the agency must consider an applicant’s country conditions evidence, see Yan Chen v. Gonzales, 417 F.3d 268, 272 (2d Cir.2005), nothing in the record suggests that the IJ ignored the evidence submitted in this case, see Xiao Ji Chen, 471 F.3d at 338 n. 17 (“[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.”).
In effect, Petitioners’ own evidence served to rebut their presumption of a well-founded fear. In such circumstances, remanding would “be an idle and useless formality” because, were the Government simply to produce the same evidence Petitioners submitted, the IJ could find that the Government had met its burden to rebut the presumption. See NLRB v. Wyman-Gordon Co., 394 U.S. 759, 766 n. 6, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969); see also Li Zu Guan v. INS, 453 F.3d 129, 135-38 (2d Cir.2006) (discussing futility standards).
Finally, Petitioners assert that the agency erred by refusing to grant them humanitarian asylum. This argument is unavailing. To be eligible for humanitarian asylum, a petitioner must demonstrate “compelling reasons for being unwilling or unable to return ... [that] aris[e] out of the severity of the past persecution.” 8 C.F.R. § 1208.13(b)(1)(iii)(A); see In re N-M-A-, 22 I. & N. Dec. 312, 326 (B.I.A. 1998) (petitioner must show “severe harm and the long-lasting effects of that harm”). We may overturn a discretionary denial of humanitarian asylum only if it is “manifestly contrary to the law and an abuse of discretion.” 8 U.S.C. § 1252(b)(4)(D); Wu Zheng Huang v. INS, 436 F.3d 89, 96 (2d Cir.2006).
As the BIA has observed, humanitarian asylum is reserved for only the most “atrocious” forms of persecution. See Matter of Chen, 20 I. & N. Dec. 16, 19 (B.I.A.1989). We cannot find that the BIA abused its discretion in finding that, although deplorable, Petitioners’ mistreatment did not reach that level. See Jalloh v. Gonzales, 498 F.3d 148, 152 (2d Cir.2007)(holding *709 that humanitarian asylum requires a showing of “long-lasting physical or mental effects” arising from an applicant’s past persecution); see also Matter of Chen, 20 I. & N. Dec. at 20 (finding that humanitarian asylum was appropriate where alien’s persecution resulted in permanent disability, constant anxiousness and fearfulness, and suicidal thoughts).
Because the agency correctly determined that the Petitioners failed to satisfy the lower burden of proof for asylum, it also properly denied their application for withholding of removal. Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006) (Where both claims are based on the same factual predicate, failure to establish eligibility for asylum necessarily precludes eligibility for withholding of removal because of the latter’s higher standard of proof.).
For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. At the time Petitioners filed their application, Serbia and Montenegro was a unified republic. However, after the IJ issued his decision in 2005, Serbia and Montenegro became distinct, independent countries.

. We retain jurisdiction to consider the instant petition for review despite the fact that petitioners were placed in "asylum-only” proceedings. See Kanacevic v. INS, 448 F.3d 129, 134 (2d Cir.2006).